Lisa S. Kantor, Esq., SBN 110678
e-mail: lkantor@kantorlaw.net
Elizabeth K. Green, Esq., SBN 199634
e-mail: egreen@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
Craig Bonnifield

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG BONNIFIELD,<br><br>     Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY; MASSMUTUAL AGENTS' WELFARE BENEFITS PLAN,<br><br>     Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; PENALTIES; AND ATTORNEYS' FEES AND COSTS** |

    Plaintiff, CRAIG BONNIFIELD, herein sets forth the allegations of his Complaint against Defendants CIGNA HEALTH AND LIFE INSURANCE COMPANY and MASSMUTUAL AGENTS' WELFARE BENEFITS PLAN.

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post judgment interest, and attorneys' fees and costs.

2. Plaintiff, CRAIG BONNIFIELD, at all times relevant was a resident of San Leandro in Alameda County, California. Therefore, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

3. Plaintiff is informed and believes that Defendant MASSMUTUAL AGENTS' WELFARE BENFITS PLAN (the "Plan") is an employee benefit plan regulated by ERISA and sponsored by Massachusetts Mutual Life Insurance Company ("Mass Mutual") with its principal place of business in Springfield, Massachusetts.

4. Plaintiff was at all relevant times a covered participant under the Plan and pursuant to which Plaintiff was entitled to health benefits.

5. Plaintiff is informed and believes that Defendant CIGNA HEALTH AND LIFE INSURANCE COMPANY ("Cigna") has its principal place of business in Hartford, Connecticut.

6. Plaintiff is informed and believes that Cigna administered benefits under the Plan.

7. Plaintiff is informed and believes that Defendants are authorized to transact and are transacting business in this judicial district, the Northern District of California, and can be found in the Northern District of California.

## FIRST CAUSE OF ACTION

## FOR DENIAL OF PLAN BENEFITS UNDER ERISA

8. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

### Mr. Bonnifield's Injury

9. Plaintiff is a 34-year old man who suffered an accident causing him to become quadriplegic.

10. Prior to his accident, Mr. Bonnifield had no other significant medical history. He was independent in all his activities of daily living including his employment as a financial advisor for Mass Mutual.

11. On August 6, 2016, Mr. Bonnifield dove into shallow water at Capitola Beach. According to witnesses at the scene, he was submerged in the water for approximately 15-20 seconds before being pulled out of the water by a registered nurse at the beach. Witnesses at the beach performed CPR until emergency medical services arrived.

12. Mr. Bonnifield was transported to Dominican Hospital in Santa Cruz.

13. A CT cervical spine on arrival showed C6 burst fracture with retropulsion of fragments (CT head and abdomen were negative). He was immediately taken to the operating room for decompression of the cervical cord, a C6 corpectomy, C5-7 anterior arthrodesis, placement of intervertebral cage, and placement of anterior cervical plate C5-7.

14. Mr. Bonnifield returned to the operating room on August 9, 2016 for posterior C5-7 instrumented arthrodesis and C6 laminectomy. His postoperative recovery was complicated by a low-grade fever with leukocytosis. He was

transferred to Santa Clara Valley Medical Center for acute rehabilitation on August 15, 2016. He was discharged September 20, 2016.

### Mr. Bonnifield's Rehabilitation

15. Mr. Bonnifield's diagnosis was spinal cord injury C5-C7 incomplete AISA B quadriplegia.

16. In order for Mr. Bonnifield to be released from the hospital, he required the arrangement of significant rehabilitative services. Rehab Without Walls was the only qualified treatment program which would accept Mr. Bonnifield as a patient. Rehab Without Walls specializes in rehabilitation of neurological injuries and disorders such as spinal cord injuries.

17. There were no in-network providers with Cigna who were qualified to provide in-home rehabilitative services for a parapalegic patient. Moreover, no in-network providers with Cigna would accept Mr. Bonnifield as a patient for rehabilitation services.

18. On September 26, 2016, Mr. Bonnifield began home-based rehabilitation services with Rehab Without Walls up to 12 hours per week. Rehabilitation services included Physical Therapy, Occupational Therapy, and Clinical Coordination. The services worked to improve Mr. Bonnifield's functioning for bed mobility, transfers, wheelchair mobility, and basic self-care.

19. Mr. Bonnifield's primary care physician and physical medicine rehabilitation physician supported the rehabilitation treatment provided by Rehab Without Walls and signed treatment plans.

20. Rehab Without Walls promptly submitted claims to Cigna for Mr. Bonnifield's rehabilitation.

21. The Plan provides coverage for rehabilitation therapy, including physical and occupational therapy provided to enable persons to perform the activities of daily living following an injury. (Plan, p. 34).

## **Cigna's Denial of Benefits for Rehabilitation**

22. On January 21, 2017, Cigna issued explanation of benefits ("EOBs") denying the claims, stating only that "EXPENSES NOT COVERED FOR THIS CONDITION."

23. On February 2, 2017, Rehab Without Walls sent a provider appeal letter and treatment records to Cigna. Rehab Without Walls explained Mr. Bonnifield's diagnosis and the rehabilitation services. Additionally, Rehab Without Walls provided the Initial Plan of Treatment, Initial Progress Report, Ongoing Progress Reports, and Ongoing Plan of Treatment. Rehab Without Walls requested that Cigna reconsider the denial and provide coverage for Mr. Bonnifield's rehabilitation.

24. On April 4, 2017, Cigna denied the provider appeal, stating that the diagnosis code G82.50 (quadriplegia) and service code 97799 (physical medicine or rehabilitation service or procedure) were not covered.

25. On June 2, 2017, Mr. Bonnifield submitted a member appeal with the assistance of an insurance claims advocate, Ms. Nicole Blair. On Mr. Bonnifield's behalf, Ms. Blair requested that Cigna pay for all of Mr. Bonnifield's rehabilitation with Rehab Without Walls at an in-network level of care because Rehab Without Walls was the only qualified treatment provider that would accept Mr. Bonnifield as a patient. Ms. Blair explained the rehabilitation that Mr. Bonnifield received, the codes used for billing to Cigna, and provided all clinical notes to substantiate the diagnosis, rehabilitation services, and billing codes.

26. On October 10, 2017, Cigna denied Mr. Bonnifield's member appeal, stating that his appeal options had been exhausted.

27. Cigna wrongfully denied Plaintiff's benefits for treatment in the following respects, among others:

(a) Failure to authorize and pay for medical services rendered to Plaintiff as required by the Plan at a time when Defendant knew Plaintiff was entitled to such benefits under the terms of the Plan;

(b) Failure to provide prompt and specific explanations for the denial of Plaintiff's claims for medical benefits;

(c) Failure to provide reference to the specific Plan provisions on which the denial of Plaintiff's claims was based;

(d) After Plaintiff's claims were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect his claim along with an explanation of why such material is or was necessary;

(e) Failure to properly and adequately investigate the merits of Plaintiff's medical claims and/or provide alternative and medically appropriate courses of treatment;

(f) Failure to timely notify Plaintiff of his appeal denial within the time prescribed by the Plan and ERISA;

(g) Failure to provide Plaintiff with a full and fair review pursuant to 29 C.F.R.§ 2560.501-1 (h)(3)(iii) by failing to consult with health care professionals who have appropriate training and experience in the field of medicine involved in the medical judgment; and

(h) Failure to thoroughly and independently evaluate both Plaintiff and his medical records prior to issuing their denials of Plaintiff's claim and appeal.

28. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff's claims for medical benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future

litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

29. Following the denial of the claims for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on his part to be performed.

30. As a proximate result of the denial of medical benefits due Plaintiff, Plaintiff has been damaged in the amount of all of the medical bills incurred for his treatment, in a total sum to be proven at the time of trial.

31. As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

32. Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce his rights under the terms of the Plan and to clarify his rights to future benefits under the terms of the Plan.

## SECOND CAUSE OF ACTION
## FOR EQUITABLE RELIEF

33. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

34. As a direct and proximate result of the failure of the Defendant to pay claims for medical benefits, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

    (a) Restitution of all past benefits due to Plaintiff, plus prejudgment and post-judgment interest at the lawful rate; and

    (b) Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff under the Plan.

## **REQUEST FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. Payment of health care benefits due to Plaintiff under the Plan;

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

4. For such other and further relief as the Court deems just and proper.

DATED: March 23, 2018                    KANTOR & KANTOR, LLP

                                                  BY:   */s/ Elizabeth K. Green*
                                                           Elizabeth K. Green
                                                           Attorneys for Plaintiff,
                                                           Craig Bonnifield

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525